UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-21910-CIV-ALTONAGA/O'Sullivan

**FARZIE MOMENPOUR**,

    Plaintiff,

vs.

**ANDREW M. SAUL**,
Commissioner of the Social Security
Administration,

    Defendant.
_____/

## ORDER

On May 6, 2020, Plaintiff, Farzie Momenpour, filed a Complaint seeking review of Defendant's decision denying her disability benefits under Title II of the Social Security Act. (*See* Compl. ¶ 6 [ECF No. 1]). The matter was referred to Chief Magistrate Judge John J. O'Sullivan for a report and recommendation on dispositive matters. (*See* Clerk's Notice [ECF No. 8]). Thereafter Plaintiff filed a Motion for Summary Judgment ("Plaintiff's Motion") [ECF No. 20], and Defendant, Andrew Saul, Commissioner of the Social Security Administration, filed a Motion for Summary Judgment ("Defendant's Motion") [ECF No. 21].

On June 21, 2021, Chief Magistrate Judge O'Sullivan entered his Report and Recommendation ("Report") [ECF No. 25], recommending the Court grant Plaintiff's Motion, deny Defendant's Motion, and remand the case to the administrative law judge to: (1) re-evaluate Dr. Josie Ramos's opinion because the ALJ did not provide good cause to disregard it (*see* Report 24–27); and (2) re-evaluate Dr. Pedro Saez's opinion because the ALJ's decision to afford it "little persuasion and low probative value" was unsupported by substantial evidence

(*see id.* 27–32 (quotation marks omitted)). The Report advised the parties they had 14 days to file objections to the Report. (*See id.* 33). To date, no objections have been filed.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (alteration added)). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (alterations added; citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The undersigned has reviewed the Report, the record, and the applicable law to assure herself that no clear error appears on the face of the record. In the light of that review, the undersigned agrees with the analysis and recommendations stated in Chief Magistrate Judge O'Sullivan's Report, and agrees with his conclusion that Plaintiff's Motion should be granted, Defendant's Motion should be denied, and the case should be remanded. Accordingly, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 25]** is **AFFIRMED AND ADOPTED** as follows:

1. Plaintiff's Motion for Summary Judgment **[ECF No. 20]** is **GRANTED**.

2. Defendant's Motion for Summary Judgment **[ECF No. 21]** is **DENIED**.

3. The case is remanded to the administrative law judge for further proceedings under 42 U.S.C. section 405(g) and consistent with the instructions contained in the Report.

4. Final judgment shall issue separately.

**DONE AND ORDERED** in Miami, Florida, this 7th day of July, 2021.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: Chief Magistrate Judge John J. O'Sullivan
counsel of record